**ALBERT SHEEN and JOEL H. HOLT, Plaintiffs**

**v.**

**CONTINENTAL INSURANCE COMPANY, Defendant**

Civil No. 1284/1981

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

May 18, 1982

WARREN B. COLE, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

ROBERT ZIMMERMAN, ESQ., Christiansted, St. Croix, V.I., *for defendant*

DANTE MATTIONI, ESQ., Philadelphia, Pennsylvania, U.S.A. *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

The Court is again sardonically presented with a motion to resolve issues which, at least to this Court's understanding, have been previously determined. Nevertheless, defendant has raised certain contentions which the Court will, briefly, but once again and finally, address. At the outset we are constrained to note that despite defendant's assertion that the order granting partial summary judgment and sanctions "was not based on a true understanding of the law and facts" this Court attempts with utmost care and particularity to adhere to the law as promulgated and to decide cases on the facts as presented upon application of the law to them.[1]

### A

■ The granting of partial summary judgment was and is appropriate as to the issue of liability. The only argument defendant now advances in support of its position is that Bodie breached the conditions of the insurance policy by failure to give notice or assist in his defense.[2] This ground was not pleaded in the declaratory judgment action or in the original answer herein. Accordingly, it is precluded by collateral estoppel and waiver.

The matter should have been raised in the initial action in the District Court.

> Where the insurer has two or more grounds on which to avoid liability, any notice given the insured as to grounds for denying or avoiding liability should embrace all such grounds, under

---

[1] Unless this veiled reference which defendant makes in its motion is a statement bordering on contempt—an option which the Court would prefer not to consider—its meaning is unclear. All of the relevant facts necessary to decide the motion were before the Court. The applicable law could hardly be considered complex.

[2] Defendant's Memorandum is support of motion to amend answer, Typescript at 1, 2.

penalty of the insurer's being deemed to have waived any ground not specified.

18 G. COUCH, CYCLOPEDIA OF INSURANCE LAW, § 71:43 (2d ed. 1968) (see cases cited therein at n.1).

■ In addition, the matter is an affirmative defense which should have been included in the answer, and barring that is deemed waived. See C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1271 at 305 n.7 (1969). The matter is not properly before the Court. Therefore the motions to amend the answer and for reconsideration of the grant of summary judgment are denied.

B

■■ The determination of whether or not to impose sanctions for failure to comply with discovery is lodged within the clear discretion of the trial judge. Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1127 (5th Cir. 1970), cert. den., 400 U.S. 878 (1971); see generally, 8 C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2284 (1970 & Supp. 1982). This is especially true in light of the Supreme Court's holding in National Hockey League v. Metropolitan Club, Inc., 427 U.S. 639, 640–43 (1976); see generally, Note, *The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions*, 91 HARV. L. REV. 1033 (1978). The sanctions imposed here were neither harsh nor unreasonable, but were in keeping with Rule 37(d) Fed. R. Civ. P. in that "the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award unjust." Defendant has proffered no reasons which would compel the court, at this point, to find defendant's actions regarding the failure to be present at the deposition were justified.[3] Accordingly, the motion for reconsideration or in the alternative to stay entry is denied.

---

[3] Defendant is dogged in its insistence that the deposition should not have gone forward because only privileged matter would have been elicited. This assertion is made notwithstanding the Memorandum Opinion of February 19, 1982, deciding the issue to the contrary.